6 F.3d 829
 303 U.S.App.D.C. 370
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Andrea HELLER (Whitesell), Appellant,
v.
MUTUAL BENEFIT LIFE INSURANCE COMPANY, aka Fortis Benefits
Insurance Company, aka Western Life Insurance
Company, et al.
 No. 92-7148.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 30, 1993.
 
 Before BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record from the United States District Court and on the briefs and oral arguments by counsel. After full review of the issues presented, the court concludes that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Andrea Heller contests the termination of payments under a group disability insurance policy underwritten by the Mutual Benefit Life Insurance Company. She appeals the district court's dismissal of her amended complaint for failure to state a claim under which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. While Ms. Heller had amended her complaint to bring it under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001 et seq., and appears to have framed it on the assumption that Mutual exercised discretionary authority to determine eligibility for benefits under the plan, she failed to allege facts which, if proven, would have established that Mutual's decision to suspend her disability payments was arbitrary and capricious. See Firestone Tire & Rubber Co. v. Brady, 489 U.S. 101, 115 (1989); Block v. Pitney Bowes, Inc., 952 F.2d 1450, 1452 (D.C.Cir.1992).
 
 
 3
 At the same time, we note that in a footnote to its Memorandum Opinion, the district court indicated that the dismissal was without prejudice: "If plaintiff does file an amended complaint she should make certain to plead ... elements of an ERISA claim currently lacking in the complaint." Heller v. Mutual Life Ins. Co., No. 92-0549, Mem.Op. at 6 n. 2 (D.D.C. June 26, 1992). Mutual agreed at oral argument that Ms. Heller is free to file a second amended complaint and, if she so chooses, to plead in the alternative in order to state a valid claim for de novo review. See Firestone, 489 U.S. at 115.
 
 
 4
 It is therefore ORDERED AND ADJUDGED by the court that the dismissal of Ms. Heller's amended complaint be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.